## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MULTITRACKS, LLC, A TEXAS** | § | |
| **LIMITED LIABILITY COMPANY;** | § | |
| *Plaintiff* | § | |
| | § | **No.  1:21-CV-00645-LY** |
| **v.** | § | |
| | § | |
| **SHALON PALMER, AN** | § | |
| **INDIVIDUAL; AND WORSHIP** | § | |
| **ONLINE INC., A WYOMING** | § | |
| **CORPORATION;** | § | |
| *Defendants* | § | |

## ORDER

Before the Court is Plaintiff MultiTracks, LLC's Emergency Motion for Amended Confidentiality and Protective Order, Dkt. 61, and all related filings.

In its Motion, MultiTracks requests the Court to amend a Protective Order entered on January 27, 2023. MultiTracks contends that the prior Order is inadequate in light of the Court's February 14, 2023, Order granting Defendants' Motion to Compel and requiring MultiTracks to produce, among other things, its license agreements and financial information.

MultiTracks maintains this information is "ultrasensitive" and rendered "even more sensitive in light of another lawsuit that Defendants' counsel's law firm filed last week in the United States District Court for the District of Arizona: *Christian Copyright Licensing International, LLC v. MultiTracks.com LLC*, Case No. 2:23-cv-00368-DW." Dkt. 61, at 1. MultiTracks argues that additional discovery protocols are required because counsel in this case are members in the same firm as

1

the Arizona case and information may be shared in the cases if further protections are not in place.

Defendants respond that no additional discovery protocols are required and the Arizona litigation does not justify MultiTrack's request. Defendants assert that they "have already confirmed to Plaintiff that none of the attorneys or paralegals involved in the instant action have ever worked on any matter for CCLI, including the litigation involving Plaintiff, and that no documents produced by Plaintiff under a 'Confidential' or 'Attorneys' Eyes Only' designation will be provided to anyone working on the litigation between CCLI and Plaintiff." Dkt. 62, at 2.

Defendants additionally assert that the existing Confidentiality and Protective Order already provides that documents designated as "Confidential" or "Attorneys' Eyes Only" may be used "solely for the purpose of preparation, trial, and appeal of *this* litigation and for no other purpose…." Dkt. 55, at ¶ 4. Defendants counsel is concerned that the proposed amendment to the current Protective Order will render it unable to provide electronic copies, and points out that its firm processes limits access of such documents to individuals working on the case in question. Defendants represent that "there is no danger that any documents produced by Plaintiff as 'Confidential' or 'Attorneys' Eyes Only' will be shared with any Loeb attorneys or staff representing CCLI." Dkt. 62, at 3.

Defendants additionally point out that the current Protective Order lists "trade secrets" and "confidential or proprietary financial information" among the categories of documents and information that are appropriate for designation as

"Confidential," and it lists "non-public financial information [and] pricing information" among the categories of documents and information that are appropriate for designation as "Attorneys' Eyes Only." Dkt. 55, at ¶ 3. Thus, Defendants argue, the existing Protective Order already addresses the appropriate treatment for Plaintiff's licenses and financial information.

Lastly, Defendants point out that MultiTracks has failed to cite any cases in support of its arguments. Additionally, Defendants rely on *Finalrod IP, LLC. v. John Crane*, No. 15-CV-00097-DC, 2018 WL 11361726, at *21 (W.D. Tex. May 22, 2018), for the proposition that the need for the heightened designation of "Ultrasensitive Information" is unwarranted.

The current Protective Order provides:

c. Ultrasensitive Information. At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

Dkt, 55, at 3.

MultiTracks requests the addition of the following language to Section 4 of the Court's Confidentiality and Protective Order:

b. Ultrasensitive Information. A producing party may invoke a heightened level of protection for Ultrasensitive Information by:

i. labeling any such documents as "ULTRASENSITIVE INFORMATION—FOR VIEWING AND USE BY SPECIFIED ATTORNEYS ONLY,

ii. providing such documents in hard-copy rather than electronically, and

3

       iii. specifying the list of attorneys who may review the Ultrasensitive Information.

             If a producing party designates documents as Ultrasensitive Information, the receiving party must maintain such documents in the form received without duplicating, scanning, copying, or otherwise reproducing the documents in any way. Furthermore, such documents must only be viewed and used by the attorneys specified by the producing party. Such documents may not be shared, discussed, or made accessible to any other attorneys or individuals at the receiving party's law firm.

Dkt. 61, at 3.

       The undersigned finds the relief requested is unnecessary. In particular, the requirements that documents be kept in hard copy form only is untenable in the context of modern litigation. While the Court is sympathetic to MultiTracks' concerns that its documents might be improperly shared within the Loeb firm, such a breach would be both unethical and in violation of this Court's existing Protective Order. Further discovery protocols are not required.

       Accordingly, Plaintiff MultiTracks, LLC's Emergency Motion for Amended Confidentiality and Protective Order, Dkt. 61 is **DENIED**. The referral in this case is **CANCELED**.

       SIGNED March 22, 2023.

                         DUSTIN M. HOWELL
                         UNITED STATES MAGISTRATE JUDGE